IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BUBACARR J.B. TOURAY,

Petitioner,

v.

ORDER

JOSEPH B. EDLOW, MARKWAYNE MULLIN, and ATTORNEY GENERAL TODD BLANCHE,

26-cv-666-jdp

Respondent.

Petitioner Bubacarr J.B. Touray asks this court to adjudicate his application for naturalization because the government did not act within 120 days as required by the Immigration and Nationality Act, 8 U.S.C. § 1447(b). Dkt. 1. The government moves the court to exercise its authority under § 1447(b) to remand Touray's application to U.S. Citizenship and Immigration Services (USCIS). The government agrees to expedite consideration of Touray's application, proposing that the remand instruct USCIS to: (1) issue any request for further evidence within 14 days of remand; and (2) adjudicate Touray's application within 60 days of receiving his response. Dkt. 8. Touray opposes remand, and he moves for summary judgment. Dkt. 10 and Dkt. 11.

As a general principle, remand is favored to allow cases to be decided by the agency charged with primary responsibility for the matter. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). "This principle has obvious importance in the immigration context." *Id.* at 16–17.

Touray opposes the government's motion because he is concerned about further delay. Touray says that he has already suffered an irreversible career consequence from the delay, but he doesn't describe any additional consequences that would arise if the government is afforded two or three months to adjudicate his application. Briefing and deciding Touray's motion for

summary judgment would take as long as it will take USCIS to adjudicate the application under the remand order.

Nevertheless, I will tighten the government's timeline somewhat. And Touray himself is in control of part of the process: he does not have to take the full 30 days available to respond to any additional request for evidence.

ORDER

IT IS ORDERED that:

1. The government's motion to remand, Dkt. 8, is GRANTED in part. As a result, this case is REMANDED to USCIS pursuant to 8 U.S.C. § 1447(b), with instructions to: (1) issue any further request for evidence within seven days of remand; and (2) adjudicate Touray's application within 45 days of receiving his response.

2. Plaintiff's motion for notice, Dkt. 7, is GRANTED solely to accept this filing as part of the record but otherwise DENIED.

3. Plaintiff's motion for summary judgment, Dkt. 11, is DENIED as moot.

4. The clerk of court is directed to close the case. If the government does not adjudicate the application by January 7, 2027, plaintiff may move to reopen the case.

Entered October 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge